UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: UNASSIGNED

```
-------------------------------------------------------X
                                            :
SPT, LLC,                                   :
                                            :
                    Plaintiff,              :
                                            :
          v.                                :        Court No. 26-03303
                                            :
UNITED STATES,                              :
                                            :
                    Defendant.              :
                                            :
-------------------------------------------------------X
```

## COMPLAINT

Plaintiff SPT, LLC, for its Complaint in this action, does hereby state and allege as follows:

## CAUSE OF ACTION

1. Plaintiff brings this action pursuant to Section 515 of the Tariff Act of 1930, as amended [19 U.S.C. §1515] to challenge Customs' deemed denial of Plaintiff's protest against the deemed exclusion of certain entries of toilet tissue imported at the Port of Port Everglades, Florida.

## JURISDICTION

2. This Court has exclusive subject matter jurisdiction of this action pursuant to 28 U.S.C. §1581(a).

3. As this action contests a deemed exclusion of merchandise, it is not necessary that liquidated duties, taxes and fees be paid prior to the commencement of this action. Estimated duties were deposited on the subject entries at time of entry.

1

## PARTIES

4. Plaintiff SPT, LLC is a United States limited liability company headquartered in Prairie Village, Kansas. It is the importer of record of the merchandise which is the subject of this action. It is the real party in interest in this action.

5. Defendant United States of America is the Federal Defendant. The deemed denial was of Plaintiff's protest against the deemed exclusion of merchandise by Defendant's agency United States Customs and Border Protection, a unit of the Department of Homeland Security, and resulted by operation of law, specifically Section 499(c)(5)(B) of the Tariff Act of 1930, as amended [19 U.S.C. §1499(c)(5)(B)].

## STATEMENT OF FACTS

6. The merchandise which is the subject of this action consists of entries of toilet tissue made at the Port of Port Everglades, Florida.

7. As shown in the Summons for this action, all four (4) entries of the merchandise were made at the Port of Port Everglades, Florida on April 16, 2026.

8. Five (5) days after the goods were presented to Customs at the port of entry, they were deemed "detained" pursuant to 19 U.S.C. § 1499(c)(1).

9. At no time did Customs issue to Plaintiff a Notice of Detention pursuant to 19 U.S.C. §1499(c)(2), which is the best evidence of its contents and which provides:

> **(c) Detentions**
>
> Except in the case of merchandise with respect to which the determination of admissibility is vested in an agency other than the Customs Service, the following apply:
>
> ***
>
> (2) Notice of detention

> The Customs Service shall issue a notice to the importer or other party having an interest in detained merchandise no later than 5 days, excluding weekends and holidays, after the decision to detain the merchandise is made. The notice shall advise the importer or other interested party of—
>
> (A) the initiation of the detention;
> (B) the specific reason for the detention;
> (C) the anticipated length of the detention;
> (D) the nature of the tests or inquiries to be conducted; and
> (E) the nature of any information which, if supplied to the Customs Service, may accelerate the disposition of the detention.

10. On June 16, 2026, the subject entries were deemed excluded by operation of 19 U.S.C. §1499(c)(5)(A), which is the best evidence of its contents, and which provides:

> (5) Effect of failure to make determination
>
> (A) The failure by the Customs Service to make a final determination with respect to the admissibility of detained merchandise within 30 days after the merchandise has been presented for customs examination, or such longer period if specifically authorized by law, shall be treated as a decision of the Customs Service to exclude the merchandise for purposes of section 1514(a)(4) of this title.

11. On June 10, 2026, Plaintiff protested the deemed exclusion of its merchandise pursuant to 19 U.S.C. §1514(a)(4).

12. Plaintiff did not receive any disposition of its protest within thirty (30) days after filing, resulting in a deemed denial of its protest, pursuant to 19 U.S.C. §1499(c)(5)(B), which is the best evidence of its contents and which provides:

> (B) For purposes of section 1581 of title 28, a protest against the decision to exclude the merchandise which has not been allowed or denied in whole or in part before the 30th day after the day on which the protest was filed shall be treated as having been denied on such 30th day.

13. On information and belief, the decision regarding the determination to admit Plaintiff's merchandise is not within the jurisdiction of any agency other than United States Customs and Border Protection.

14. Plaintiff received no notice that the subject merchandise had been seized prior to the commencement of its action.

15. Plaintiff timely commenced the instant action to contest the deemed denial of its protest. This Court has exclusive subject matter jurisdiction of this action pursuant to 19 U.S.C. §1581(i).

## COUNT I

16. Paragraphs 1 through 15 of this Complaint are incorporated by reference as though fully set forth herein.

17. Defendant United States, through its agency, United States Customs and Border Protection, failed to make a determination of admissibility with respect to Plaintiff's merchandise within the time provided by law.

18. On information and belief, there was and is no lawful reason for Defendant to refuse to admit Plaintiff's merchandise into the commerce of the United States.

19. Section 499(c)(5)(E) of the Tariff Act of 1930, as amended [19 U.S.C. §1499(c)(5)(C), which is the best evidence of its contents provides that in situations such as the instant case:

    (C) Notwithstanding section 2639 of title 28, once an action respecting a detention is commenced, unless the Customs Service establishes by a preponderance of the evidence that an admissibility decision has not been reached for good cause, the court shall grant the appropriate relief which may include, but is not limited to, an order to cancel the detention and release the merchandise.

20. On information and belief, Defendant cannot establish by evidence that the failure to make an admissibility determination following the filing of Plaintiff's exclusion protest is for good cause.

21. The Court is required by statute to cancel the detention of Plaintiff's merchandise and to require its release.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SPT, LLC prays that this Court enter a judgment in its favor, cancel the detention of the subject merchandise by Customs, and order its release; and provide Plaintiff with such further and additional relief as this Court may deem just.

Respectfully submitted,

/s/John M. Peterson
John M. Peterson
Sanzida Talukder
NEVILLE PETERSON LLP
*Counsel to Plaintiff SPT, LLC*
One Exchange Plaza at 55 Broadway
New York, New York 10006
(212) 635-2730
(212) 635-0113 (Fax)
*jpeterson@npwny.com*

July 21, 2026